Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| CARMEN MARÍA PEÑA RIVERA<br><br>Recurrida<br><br>v.<br><br>FIOLDALIZA PACHECO CARABALLO<br><br>Peticionaria | TA2025CE00064 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Patillas<br><br>Sobre: Injunction Clásico<br><br>Caso Núm. PA2019CV00259 |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

## RESOLUCIÓN

En San Juan, Puerto Rico, a 2 de julio de 2025.

La peticionaria, Fioldaliza Pacheco Caraballo, por conducto de su representación legal, comparece ante nos para que dejemos sin efecto el *Auto de Prisión Provisional* emitido y notificado el 29 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de Patillas. Mediante el mismo, el Foro primario ordenó el ingreso de la peticionaria en una institución penal, tras celebrarse una vista en la que se concluyó que incurrió en desacato. En consecuencia, se dispuso su arresto e ingreso para cumplir una pena de reclusión de hasta seis (6) meses, o hasta que se cumpla lo ordenado por el Tribunal Supremo de Puerto Rico, lo que ocurra primero.

Por los fundamentos que expondremos a continuación, se deniega la expedición del recurso de *certiorari* solicitado y se declara *No Ha Lugar* la *Urgente Solicitud en Auxilio de Jurisdicción.*

I

El 13 de mayo de 2024, el Tribunal Supremo de Puerto Rico emitió *Opinión* mediante la cual ordenó a la señora Fioldaliza Pacheco Caraballo remover las ventanas y balcones construidos a menos de cinco (5) pies de distancia de la colindancia con la

propiedad de la señora Carmen María Peña Rivera.[1] Consecuentemente, el 18 de junio de 2024, la señora Peña Rivera presentó una *Solicitud de Ejecución de Sentencia*. En atención a ello, mediante *Orden* emitida y notificada el 20 de junio de 2024, el Tribunal de Primera Instancia le concedió veinte (20) días a la peticionaria para que expresara su posición en cuanto a la *Solicitud de Ejecución de Sentencia*. La presentación de la solicitud marcó el inicio de una secuencia procesal dirigida a viabilizar el cumplimiento de lo ordenado por el Tribunal Supremo.

Conforme surge del expediente de autos, el Tribunal de Primera Instancia concedió múltiples términos a la peticionaria para que cumpliera con lo ordenado por el Tribunal Supremo, sin embargo, subsistió su incumplimiento. Ante tal situación, el Foro primario emitió varias órdenes para mostrar causa y le impuso sanciones económicas.

Así las cosas, en la vista de mostrar causa celebrada el 29 de mayo de 2025, el Tribunal de Primera Instancia concluyó que la peticionaria incurrió en desacato al incumplir reiteradamente con lo ordenado por el Tribunal Supremo. En consecuencia, ordenó su arresto e ingreso en una institución penal. Ese mismo día, el foro primario emitió un *Auto de Prisión Provisional*. La sanción impuesta conlleva una pena de reclusión de hasta seis (6) meses, o hasta que se cumpla lo ordenado, lo que ocurra primero.

Posteriormente, la representación legal de la peticionaria presentó una solicitud de reconsideración. A raíz de ello, se celebró una vista de seguimiento el 4 de junio de 2025, durante la cual la representación legal manifestó que su clienta "no tenía intención alguna de cumplir con lo ordenado por el Tribunal Supremo". Ante tal expresión, el Tribunal de Primera Instancia reafirmó su

---

[1] *Peña Rivera v. Pacheco Caraballo*, 213 DPR 1009 (2024).

determinación y concluyó que la peticionaria incurrió en desacato de forma voluntaria y obstinada.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 30 de junio de 2025, la peticionaria compareció ante nos mediante el presente recurso de *certiorari*, el cual acompañó con una *Urgente Solicitud en Auxilio de Jurisdicción.* En el mismo, formula los siguientes planteamientos:

> Erró el TPI al encontrar incursa en desacato criminal a la peticionaria y condenarla a una "pena de un máximo de 6 meses de reclusión o a que se cumpla con las órdenes del tribunal, lo que ocurra primero", en un claro abuso de discreción y contrario a la Regla 51.3 (a) de Procedimiento Civil.
>
> Erró el Tribunal al no hacer cumplir la orden mediante la cual ordenó la preparación de informes sociales de la peticionaria al Departamento de la Familia y a la Oficina del Procurador de las Personas de Edad Avanzada.
>
> Erró el TPI al imponer sanciones económicas a la peticionaria sin justificación válida alguna, contrario a derecho y en un claro abuso de discreción.

Luego de examinar el expediente de autos, procedemos a expresarnos.

**II**

Sabido es que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o

denegarlo. *800 Ponce de León v. AIG,* supra; *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el

adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.,* 200 DPR 724, 736 (2018).

**III**

Al entender sobre la totalidad de los documentos que componen el expediente de autos, no advertimos ningún criterio jurídico particular que justifique dejar sin efecto la determinación recurrida. Hemos examinado el expediente del presente recurso y los documentos allí incluidos, los cuales evidencian el reiterado incumplimiento de la peticionaria con las órdenes emitidas por el Tribunal de Primera Instancia. Destacamos que, de los documentos ante nuestra consideración, se desprende que el foro *a quo* impuso múltiples sanciones económicas a la peticionaria y le apercibió que podría ser hallada incursa en desacato si persistía el incumplimiento. No obstante, en la vista celebrada el 4 de junio de 2025, la representación legal de la peticionaria manifestó que su clienta no tenía intención alguna de cumplir con lo ordenado por el Tribunal Supremo. Por lo tanto, nada nos sugiere que, en el ejercicio de sus facultades, el Juez del foro de origen haya incurrido en error o en abuso de la discreción que le asiste, de modo que se haga meritorio que soslayemos la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones. A nuestro juicio, el pronunciamiento en cuestión es producto del adecuado ejercicio de las facultades que le asisten al

ilustrado Juzgador de Primera Instancia, por lo que, ante ello, no resulta preciso que intervengamos. Por tanto, en virtud de lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto que nos ocupa.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado. Igualmente, se declara *No Ha Lugar* la *Urgente Solicitud en Auxilio de Jurisdicción.*

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones